IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| KATHY KARMID, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO. CIV-17-929-M |
| | ) | |
| MIDWEST REGIONAL MEDICAL CENTER, LLC, d/b/a ALLIANCE HEALTH MIDWEST, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is the Defendant Midwest Regional Medical Center's ("Defendant") Motion to Dismiss or Stay, filed on September 5, 2017. Plaintiff Kathy Karmid ("Plaintiff") filed a response and objection on September 20, 2017. Defendant filed a reply on September 27, 2017. Having reviewed the parties' submissions, the Court makes its determination. The Court finds an evidentiary hearing is not necessary.

I.   Introduction

Plaintiff filed her Charge of Discrimination ("Charge") and received her Notice of Right to Sue ("Notice") from the Equal Employment Opportunity Commission ("EEOC") on March 10, 2017. Plaintiff's Charge alleged she was paid less than younger co-workers who had less education, professional experience or licenses after she was hired. *See* Charge of Discrimination, Exh. 1, Plaintiff's Response and Objection to Defendant's Motion to Dismiss or Stay ("Response").

Defendant moves to dismiss Plaintiff's complaint because the EEOC issued Plaintiff her Charge and Notice on the same day, March 10, 2017. Therefore, Defendant argues the EEOC failed to carry out its statutorily prescribed obligations to notify the charged employer, investigate the charge, and attempt informal methods of dispute resolution, pursuant to 29 U.S.C. § 626(d)(2). Defendant further argues the EEOC's failure to fulfill its statutory responsibilities prejudiced Defendant because it could not determine how to answer Plaintiff's allegations and had to incur numerous expenses.

Due to the EEOC's abdication of its responsibilities, Defendant claims Plaintiff failed to exhaust her administrative remedies and this case should be dismissed or in the alternative stayed and Plaintiff ordered to resubmit her Charge of Discrimination with the EEOC so it can fulfill its statutory obligation. Defendant further contends this Court must dismiss this action for lack of subject matter jurisdiction.

## II. Standard for Motion to Dismiss under Rule 12(b)(1)

Regarding the standard for determining whether to dismiss a claim pursuant to Federal Rule of Civil Procedure 12(b)(1), the United States Supreme Court has held that the party asserting jurisdiction bears the burden of proving that the court has subject matter jurisdiction over her claims. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

> Rule 12(b)(1) motions generally take one or two forms. First, a moving party may make a facial attack on the complaint's allegations as to the existence of subject matter jurisdiction. In reviewing a facial attack, the district court must accept the allegations in the complaint as true. Second, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction is based. . . . In reviewing a factual attack, a court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed

> jurisdictional facts. In the course of a factual attack under Rule 12(b)(1), a court's reference to evidence outside the pleadings does not convert the motion into a Rule 56 motion.

*Stuart v. Colo. Interstate Gas Co.*, 271 F.3d 1221, 1225 (10th Cir. 2001) (internal quotations and citations omitted); *Equal Employment Opportunity Commission v. Unit Drilling Co.*, 4 F. Supp. 3d 1257, 1261 (N.D. Okla. 2013).

### III. Discussion

Under Title VII of the Civil Rights Act, a plaintiff must obtain a right to sue letter from the EEOC as a prerequisite to suit. *See* Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623 *et seq*.[1]

Plaintiff asserts she exhausted her administrative remedies when she filed her Charge of Discrimination to the EEOC on March 10, 2017 and received her Notice of Right to Sue on the same day, March 10, 2017. Exhs.1, 2 to Plaintiff's Response. It is indisputable that Plaintiff submitted her Charge with the EEOC, well within the 300 days of Plaintiff discovering the alleged unlawful practice of discrimination. Subsequently, the EEOC issued a Notice to Plaintiff. Plaintiff then filed suit in district court within ninety (90) days of the issuance of the Notice. *See* Petition Ex.2 [Docket no. 1]. There is no dispute that Plaintiff exhausted her administrative remedies.

Defendant argues, however, that the EEOC failed to fulfill its statutory obligation to the employer prior to Plaintiff filing her lawsuit. The Court agrees.

The United States Supreme Court has held:

---

[1] ADEA combines both elements of the Fair Labor Standards Act, *see* 29 U.S.C. § 201 *et seq.*, and Title VII of the Civil Rights Act ("Title VII"), *see* 42 U.S.C. § 2000 *et seq*. The United States Supreme Court has held courts must construe the charge filing requirements of the ADEA and Title VII consistently. *See Oscar Mayer & Co. v. Evans*, 441 U.S. 750, 756 (1979). Therefore, Title VII cases apply to ADEA cases and vice versa. *See, e.g. Shikles v. Sprint/United Mgmt. Co.*, 426 F.3d 1304, 1308 (10th Cir. 2005).

> Title VII, as the Government acknowledges, imposes a duty on the EEOC[2] to attempt conciliation of a discrimination charge prior to filing a lawsuit. That obligation is a key component of the statutory scheme. In pursuing the goal of bringing employment discrimination to an end, Congress chose cooperation and voluntary compliance as a preferred means. Accordingly, the statute provides, as earlier noted, that the Commission "shall endeavor to eliminate an alleged unlawful employment practice by informal methods of conference, conciliation, and persuasion." 42 U.S.C. § 2000e-5(b). That language is mandatory, not precatory.
>
> And the duty it imposes serves as a necessary precondition to filing a lawsuit. Only if the Commission is "unable to secure" an acceptable conciliation agreement – that is, only if its attempt to conciliate has failed - may a claim against the employer go forward. § 2000e-5(f)(1).
>
> The statute provides certain concrete standards pertaining to what that endeavor might entail. Again, think of how the statute describes the obligatory attempt: "to eliminate the alleged unlawful employment practice by informal methods of conference, conciliation, and persuasion." §2000e-5(b). Those specified methods necessarily involve communication between the parties, including exchange of information and views.
>
> So the EEOC, to meet the statutory condition, must tell the employer about the claim – essentially, what practice has harmed which person or class—and must provide the employer with an opportunity to discuss the matter in an effort to achieve voluntary compliance. If the Commission does not take those specified actions, it has not satisfied Title VII's requirement to attempt conciliation.
>
> Furthermore, the appropriate scope of the [judicial] review enforces the statute's requirements …that the EEOC afford the employer a chance to discuss and rectify a specified discriminatory practice ---but goes no further. Such limited review respects the expansive discretion that Title VII gives to the EEOC over the conciliation process, while still ensuring that the Commission follows the law.

*Mach Mining, LLC v. Equal Employment Opportunity Commission*, 135 S. Ct. 1645, 1651-52 (2015) (internal quotations and citations omitted).

In this case, the EEOC has failed to satisfy Title VII's requirement to attempt conciliation prior to Plaintiff filing her lawsuit. Defendant submitted an affidavit from Dana Leach ("Leach"), Human Resource Director for Defendant. Leach states she never received a copy of Plaintiff's Charge of Discrimination or Notice of Right to Sue Letter. Affidavit of Dana Leach Defendant

---

[2] In *Mach Mining, LLC v. EEOC*, 135 S.Ct. 1645 (2015), while the EEOC was the plaintiff rather than an individual, the court was describing EEOC's statutory duties of conciliation pursuant to Title VII.

Ex.1. Leach also avers that the EEOC never contacted Defendant in an attempt to resolve Plaintiff's allegations. Defendant Ex.1.

Plaintiff has not shown that the EEOC has met its statutory requirement of attempting to eliminate an alleged unlawful employment practice by informal methods of conference, conciliation, and persuasion. 42 U.S.C. § 2000e-5(b). However, Defendant presented evidence the EEOC did not tell Defendant about the claim nor provide it the opportunity to discuss the matter in an effort to achieve voluntary compliance. *See Mach Mining, LLC,* 135 S. Ct. at 1652. Therefore, the Court finds this case must be stayed until the EEOC fulfills its statutory obligations.

IV. <u>Conclusion</u>

Accordingly, the Court:

(1) DENIES Defendant's Motion Dismiss [Docket No. 5];

(2) STAYS this matter until after the Plaintiff resubmits her Charge of Discrimination to the EEOC so it can fulfill its statutory obligation of conciliation; and

(3) DIRECTS the Plaintiff to notify the Court when she is ready to proceed with the case.

**IT IS SO ORDERED this 17th day of November, 2017.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE