# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KATHY KARMID, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-17-929-G |
| | ) |
| MIDWEST REGIONAL MEDICAL | ) |
| CENTER, LLC, d/b/a ALLIANCE | ) |
| HEALTH MIDWEST | ) |
| | ) |
| Defendant. | ) |

## ORDER

Plaintiff Kathy Karmid ("Ms. Karmid") initiated this action on May 25, 2017, alleging that her employer, Defendant Midwest Regional Medical Center ("MRMC"), violated the Age Discrimination in Employment Act ("ADEA") by paying her less than it pays its younger employees.[1] *See* Compl. (Doc. No. 1-2). In an order dated November 17, 2017, the Court determined that the Equal Employment Opportunity Commission ("EEOC") had "failed to fulfill its statutory obligation to [MRMC]," Order (Doc. No. 9) at 3, namely that the EEOC must "seek to eliminate [the] alleged unlawful practice by informal methods of conciliation, conference, and persuasion," 29 U.S.C. § 626(d)(2). The Court stayed the action so that the EEOC could discharge its statutory obligation after resubmission of Ms. Karmid's discrimination charge. *See* Order at 5.

---

[1] Plaintiff initiated this action in the District Court of Oklahoma County, Oklahoma. *See* Notice of Removal ¶ 1 (Doc. No. 1). Defendant removed the action to this Court on August 28, 2017. *Id.*

Ms. Karmid now moves the Court to reconsider its November 17, 2017 ruling. *See* Pl.'s Mot. to Reconsider (Doc. No. 10).[2] MMRC has responded in opposition (Doc. No. 14). The EEOC, as amicus curiae, has appeared in the action and has filed a brief in support of Ms. Karmid's Motion to Reconsider (Doc. No. 17). For the reasons set forth below, Ms. Karmid's Motion is granted.

DISCUSSION

Motions to reconsider, though "not formally recognized by the Federal Rules of Civil Procedure . . . are routinely entertained, in one form or another, by federal courts." *Christ Ctr. of Divine Philosophy, Inc. v. Elam*, No. CIV-16-65-D, 2018 WL 1770491, at *1 (W.D. Okla. Apr. 12, 2018), *aff'd*, No. 18-6089, 2019 WL 644215 (10th Cir. Feb. 15, 2019). Reconsideration may be predicated on one or more of three grounds: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, [or] (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Thus, a motion to reconsider "is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Id.* "It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.*

The ADEA creates a private right of action for "any person aggrieved" by an unlawful practice as defined by 29 U.S.C. § 623. 29 U.S.C. § 626(c)(1). Before exercising this private right of action, an aggrieved person must submit a charge of discrimination to

---

[2] This case was reassigned to the undersigned judge on January 7, 2019. *See* Doc. No. 19.

the EEOC and wait a minimum of 60 days. *See id.* § 626(d)(1). Upon receiving the charge, the EEOC must "notify all persons named" therein and "seek to eliminate any alleged unlawful practice by informal methods of conciliation, conference, and persuasion." *Id.* § 626(d)(2).

After the 60-day period elapses, the aggrieved person may file suit in court unless and until the EEOC files suit on his or her behalf.[3] *Id.* § 626(c)(1) (stating that "the right of any person to bring [a civil] action shall terminate upon the commencement of an action by the [EEOC] to enforce the right of such employee"). If the EEOC pursues litigation on behalf of an aggrieved person, it must first "attempt to eliminate the discriminatory practice or practices alleged, and to effect voluntary compliance . . . through informal methods of conciliation, conference, and persuasion." *Id.* § 626(b).

Title VII contains parallel provisions, the interpretation of which is instructive, if not determinative, with respect to the question under review. *See Shikles v. Sprint/United Mgmt. Co.*, 426 F.3d 1304, 1309 (10th Cir. 2005) ("To the extent that the charge filing requirements of the ADEA and Title VII are similar, courts must construe them consistently"), *abrogated on other grounds by Lincoln v. BNSF Ry. Co.,* 900 F.3d 1166 (10th Cir. 2018). Like ADEA suits, Title VII suits may be brought by aggrieved persons or by the EEOC on their behalf. *See* 42 U.S.C. § 2000e-5(f)(1). And, as under the ADEA,

---

[3] Ms. Karmid and the EEOC argue that, after expiration of the 60-day period, an aggrieved person may file suit in court irrespective of whether the EEOC has issued him or her a "notice of right to sue" under 29 U.S.C. § 626(e). *See* Pl.'s Mot. at 6; EEOC Br. at 7. The Court deems it unnecessary to address this argument, as it is here undisputed that the EEOC issued such a notice to Ms. Karmid.

3

Title VII requires the EEOC to notify any employer charged with discrimination and attempt conciliation. *See id.* § 2000e-5(b).[4] Finally, as under the ADEA, a conciliation effort is a precondition to the filing of a Title VII lawsuit by the EEOC. *See id.* § 2000e-5(f)(1).

In the order under review, the Court held that Ms. Karmid could not proceed with her lawsuit, even though she had exhausted her administrative remedies, because the EEOC had failed to attempt conciliation as required by 29 U.S.C. §§ 626(d)(2) and 626(b). *See* Order at 3-5. This holding is predicated on the notion—challenged by Ms. Karmid via her Motion to Reconsider—that conciliation is a statutory prerequisite to the filing of an individual action under the ADEA. Ms. Karmid submits, and the EEOC agrees, that the EEOC's failure to attempt conciliation has no bearing on the procession of this action. Having carefully considered the arguments, the Court is compelled to agree.

The EEOC's duty to attempt conciliation is mentioned at 29 U.S.C. §§ 626(d)(2) and 626(b). Section 626(d)(2) states that the EEOC "shall" attempt conciliation, presumably in all cases. Section 626(b), on the other hand, provides that the EEOC "shall" attempt conciliation "[b]efore instituting any action" on behalf of an aggrieved person. To appreciate the distinction between these two sections, some background is helpful. Until 1972, the EEOC was not empowered to bring suits on behalf of aggrieved persons. *E.E.O.C. v. Zia Co.*, 582 F.2d 527, 532-33 (10th Cir. 1978). During this time, the EEOC

---

[4] Title VII requires the EEOC to attempt conciliation only if it finds "reasonable cause to believe that the charge is true." 42 U.S.C. § 2000e-5(b). The ADEA, on the other hand, does not tie the EEOC's conciliation obligation to a finding of reasonable cause.

4

was required to attempt conciliation, as under 29 U.S.C. § 626(d)(2) (in the ADEA context) and 42 U.S.C. § 2000e-5(b) (in the Title VII context), but an individual action by an aggrieved person "could not be held up pending [the EEOC's] conciliation" efforts. *Id.* at 532. "Only after the 1972 law changes, when the EEOC commenced suing, did the need for conciliation efforts as a prerequisite to suit . . . arise." *Id.* Thus, the statutes were amended to incorporate the language now found at 29 U.S.C. § 626(b) and 42 U.S.C. § 2000e-5(f)(1).

These sections—enacted in response to the EEOC's newfound power to initiate lawsuits under the ADEA and Title VII, respectively—apply only to suits initiated by the EEOC. Accordingly, the EEOC's "failure . . . to initiate conciliation efforts will not bar a civil action by the aggrieved individual." *Shehadeh v. Chesapeake & Potomac Tel. Co. of Md.*, 595 F.2d 711, 727-28 (D.C. Cir. 1978) (footnote omitted); *accord United States v. Allegheny-Ludlum Indus., Inc.*, 517 F.2d 826, 869 (5th Cir. 1975) (stating that "an effort to conciliate by the EEOC is not in any sense a condition precedent to the charging party's right to seek judicial consideration of his grievance" because "the aggrieved individual is not responsible for the actions and inactions of the agency" (internal quotation marks omitted)); *DeAngelis v. Circle K Stores, Inc.*, No. 14-21112, 2015 WL 4397528, at *5 (S.D. Fla. July 17, 2015) ("[T]he conciliation requirement only applies when the EEOC is bringing an action against an employer, not when a private litigant is suing his or her employer."). This conclusion is consistent with the statute's plain language and history

5

and is not inconsistent with the U.S. Supreme Court's decision in *Mach Mining, LLC v. E.E.O.C.*, 135 S. Ct. 1645 (2015),[5] on which this Court's November 17, 2017 order relies.

CONCLUSION

For the above-stated reasons, the Court concludes that reconsideration is necessary to correct clear error and prevent injustice. *See Servants of Paraclete*, 204 F.3d at 1012. Plaintiff's Motion to Reconsider (Doc. No. 10) is therefore GRANTED. The Court's prior Order (Doc. No. 9) is VACATED. Defendant must file its answer to the Complaint within 14 days of the date of this Order.

IT IS SO ORDERED this 11th day of March 2019.

/s/ Charles B. Goodwin
CHARLES B. GOODWIN
United States District Judge

---

[5] *Mach Mining*, which describes conciliation as a "necessary precondition to filing a lawsuit," is a case instituted by the EEOC. *Mach Mining*, 135 S. Ct. at 1651.